## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

YVONNE BROODIE,

       **Plaintiff,**

vs.

                             **CASE NO. 2:25-cv-01078-KCD-NPM**

**LANDMARK HOSPITAL OF
SOUTHWEST FLORIDA, LLC**

       **Defendant.**

                       /

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant, LANDMARK HOSPITAL OF SOUTHWEST FLORIA, LLC ("Defendant"), hereby files its Answer and Affirmative Defenses to the Complaint ("Complaint") filed by Plaintiff, YVONNE BROODIE ("Plaintiff"), and responds to the correspondingly numbered paragraphs as follows:

### JURISDICTION

1.    Admitted for jurisdictional purposes only; otherwise, denied.

### VENUE

2.    Admitted for venue purposes only; otherwise denied.

3.    Admitted for venue purposes only; otherwise denied.

## CONDITIONS PRECEDENT

4.      Admitted only that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity ("EEOC"); otherwise denied.

5.      Admitted only that the EEOC issued a Notice of Right to Sue; otherwise denied.

## PARTIES

6.      Without knowledge as Plaintiff's residence, therefore denied.

7.      Admitted that Defendant employed Plaintiff until she voluntarily resigned on December 25, 2024.

8.      Admitted Defendant had a place of business in Lehigh Acres. The remainder of this paragraph states a legal assertion to which no response is required; to the extent a response is required, denied.

## FACT

9.      Admitted that Plaintiff brought her action for violations of Title VII of the Civil Right Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-2(a) only. Denied that Defendant violated Title VII.

10.     Defendant is without sufficient knowledge to admit or deny the allegations in this paragraph.

11.     Admitted that Plaintiff worked for Defendant from January 2024 until December 25, 2024 when she voluntarily resigned.

12. Denied.

13. Denied.

14. Denied.

15. Admitted that Plaintiff worked for Defendant from January 2024 until December 25, 2024 when she voluntarily resigned.

16. Denied.

17. Denied as phrased.

18. Denied.

19. Denied.

20. Denied.

21. Defendant is without sufficient knowledge to admit or deny the allegations in this paragraph.

22. All allegations and inferences in this paragraph are denied.

23. Defendant is without sufficient knowledge to admit or deny the allegations in this paragraph.

24. All allegations and inferences in this paragraph are denied.

25. All allegations and inferences in this paragraph are denied.

26. All allegations and inferences in this paragraph are denied.

27. All allegations and inferences in this paragraph are denied.

28. Denied.

29.   Denied.

30.   Denied.

31.   Denied is without sufficient information to admit or deny the allegations in this paragraph; therefore, denied.

32.   Denied is without sufficient information to admit or deny the allegations in this paragraph; therefore, denied.

33.   Denied is without sufficient information to admit or deny the allegations in this paragraph; therefore, denied.

34.   Denied is without sufficient information to admit or deny the allegations in this paragraph; therefore, denied.

35.   Denied is without sufficient information to admit or deny the allegations in this paragraph; therefore, denied.

36.   Denied is without sufficient information to admit or deny the allegations in this paragraph; therefore, denied.

37.   Denied.

38.   Denied.

39.   Denied.

## COUNT I
### Racial Discrimination in Violation of Title VII of the
### Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000E-2(a)

40. Defendant incorporates its answers to paragraphs 1 through 39 of the Complaint.

41. The allegations in this paragraph state a legal assertion to which no response is required; to the extent a response is required, denied.

42. The allegations in this paragraph state a legal assertion to which no response is required; to the extent a response is required, denied.

43. All allegations in this paragraph are denied. Additionally, Plaintiff voluntarily resigned her position.

44. Denied.

45. (a) through (d) are denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

To the extent the WHEREFORE clause (A) through (I) requires a response, Defendant denies each and every prayer for relief identified in the WHEREFORE clause.

## COUNT II
### Retaliation in Violation of Title VII of the
### Civil Rights Act of 1964, (42 U.S.C. § 2000e et. al.)

50. Defendant incorporates its answers to Paragraphs 1 through 39 of the Complaint.

51. The allegations in this paragraph state a legal assertion to which no response is required; to the extent a response is required, denied.

52. The allegations in this paragraph state a legal assertion to which no response is required; to the extent a response is required, denied.

53. All allegations in this paragraph are denied. Additionally, Plaintiff did not work for Defendant in February 2022, and Plaintiff voluntarily resigned her position and was not terminated.

54. Denied.

55. Denied.

To the extent the WHEREFORE clause (A) through (I) requires a response, Defendant denies each and every prayer for relief identified in the WHEREFORE clause.

## JURY DEMAND

Defendant admits that Plaintiff has demanded a trial by jury, but denies that there are any issues to be tried before a jury.

## GENERAL DENIAL

Defendants denies all allegations in the Complaint not specifically admitted herein, and further denies all captions and headers.

## AFFIRMATIVE AND OTHER DEFENSES

In asserting the defenses that follow, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove. In addition, Defendant is continuing to investigate Plaintiff's allegations; therefore, Defendant reserves the right to amend its Answer and Affirmative Defenses consistent with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida to assert such other defenses as they become known through the course of discovery. As separate and distinct defenses to the allegations set forth in the Complaint, Defendant asserts the following:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND A DEFENSE

To the extent some or all of Plaintiff's claims are barred by the applicable statutes of limitations and/or are otherwise barred or preempted, Plaintiff is not entitled to recovery with respect to such claims.

## THIRD DEFENSE

Plaintiff's claim for damages should be reduced, in whole or in part, to the extent discovery shows she failed to reasonably mitigate her damages.

## FOURTH DEFENSE

Defendant has well-disseminated and consistently enforced policies prohibiting discrimination and retaliation and informing employees of rights under applicable laws, as well as a reasonable and available procedure for receiving and investigating complaints of alleged discrimination or retaliation. To the extent Plaintiff failed to use or otherwise avail herself of these policies and procedures, her claims of discrimination and retaliation fail and/or her recovery of damages are limited.

## FIFTH DEFENSE

Defendant has made good faith efforts to prevent discrimination and retaliation in the workplace, and thus cannot be liable for the decision of its agents to the extent the challenged employment decisions were contrary to its efforts to comply with anti-discrimination and anti-retaliation laws.

## SIXTH DEFENSE

All actions taken with respect to Plaintiff's employment were based on legitimate, non-discriminatory, non-retaliatory reasons unrelated to Plaintiff's alleged protected status or activity, if any.

## SEVENTH DEFENSE

All actions taken by Defendant with respect to Plaintiff's employment were taken in good faith and without any intent or motivation to discriminate or retaliate.

## EIGHTH DEFENSE

Plaintiff's claims of discrimination and retaliation are barred on the grounds that, even if any decisions concerning Plaintiff were based in part on Plaintiff's race, national origin, or alleged protected activity, which they were not, Defendant would have reached the same decision with respect to Plaintiff's employment, absent any consideration of Plaintiff's race, national origin, or alleged protected activity, if any.

## NINTH DEFENSE

Plaintiff's damages, if any, should be reduced by any benefits Plaintiff received from collateral resources or other off-sets or recoupments.

## TENTH DEFENSE

Plaintiff's course of conduct during her employment constitutes a waiver of the claims asserted in the Complaint.

## ELEVENTH DEFENSE

Defendant believed in good faith, and took all reasonable steps to ensure, that its conduct was in compliance with state and federal law.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because she was an employee-at-will.

## THIRTEENTH DEFENSE

By reason of her acts, conduct and omissions, Plaintiff knowingly and voluntarily waived any claims alleged in the Complaint.

## FOURTEENTH DEFENSE

Defendant at all times acted in good faith and without malice as it concerns Plaintiff.

## FIFTEENTH DEFENSE

Any alleged discrimination, retaliation, or other misconduct by any employee of Defendant regarding Plaintiff, which Defendant does not concede as having occurred, was outside the course and scope of that employee's employment, contrary to Defendant's policies, and was not ratified, confirmed or otherwise approved by Defendant; thus, any actions cannot be attributed or imputed to Defendant.

## SIXTEENTH DEFENSE

Defendant did not subject Plaintiff to an adverse employment action as Plaintiff voluntarily resigned her position.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot demonstrate severe and pervasive conduct that altered the terms and conditions of Plaintiff's employment.

## EIGHTEENTH DEFENSE

Defendant exercised reasonable care to prevent and promptly correct any allegedly harassing behavior to which Plaintiff was allegedly subjected.

## NINETEENTH DEFENSE

Plaintiff's claims are barred to the extent there was no causal connection between the events alleged in her Complaint and any damages which she allegedly suffered.

## TWENTIETH DEFENSE

Plaintiff's claims are barred to the extent she failed to exhaust her administrative remedies and/or failed to satisfy conditions precedent to suit.

## TWENTY-FIRST DEFENSE

To the extent Plaintiff has made allegations in the Complaint or attempts to assert claims which relate to alleged acts of discrimination, harassment, and/or retaliation not encompassed within a charge of discrimination filed with and investigated by the EEOC or any appropriate state or local agency, these claims and/or events are not properly before the Court, jurisdictionally or otherwise.

## TWENTY-SECOND DEFENSE

Defendant is not liable for Plaintiff's claim for damages set forth in the Complaint to the extent Plaintiff seeks redress for physical or emotional injuries arising from preexisting physical or mental conditions.

## TWENTY-THIRD DEFENSE

Plaintiff's claims for relief are barred to the extent Plaintiff seeks damages not permitted under the applicable law and/or in excess of the limits imposed by applicable law.

## RESERVATION OF RIGHTS

Defendant reserves the right to bring any additional defenses that become known during the litigation of this matter.

WHEREFORE, having fully answered and responded to the allegations in Plaintiff's Complaint, Defendant requests that:

a.    Plaintiff's claims be stricken or dismissed with prejudice;

b.    Each and every prayer for relief in Plaintiff's Complaint be denied;

c.    Judgment be entered in favor of Defendant and against Plaintiff;

d.    All costs and reasonable attorneys' fees be awarded to Defendant and against Plaintiff; and

e.    Defendant be granted such other and further relief as this Court deems just and appropriate.

DATED this 20th day of January, 2026.

Respectfully submitted by:

**JACKSON LEWIS P.C.**

*/s/ Amy K. Recla, Esq.*
**LEAD TRIAL COUNSEL**
Amy K. Recla, Esq.
Florida Bar Number: 102811
amy.recla@jacksonlewis.com
maya.levy@jacksonlewis.com
tampadocketing@jacksonlewis.com

**Ryan J. Soscia, Esq.**
Florida Bar Number: 1031736
ryan.soscia@jacksonlewis.com
maya.levy@jacksonlewis.com
tampadocketing@jacksonlewis.com

100 S. Ashley Drive, Suite 2200
Tampa, Florida 33602
Telephone:   813-512-3210
Facsimile:   813-512-3211

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 20th day of January, 2026, the foregoing

was electronically filed with the Clerk of the Court by using the CM/ECF system to

all counsel of record.

*/s/ Amy K. Recla*

4935-4813-6073, v. 1